IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Railroad Passenger Corporation )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Veolia Transportation Services, Inc. )<br>and )<br>Veolia Transportation, Inc. )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 1:07-cv-01263 |

**PARTIES' JOINT REPORT ON
SCHEDULING CONFERENCE AND DISCOVERY PLAN**

Having conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, Plaintiff and Defendants hereby submit this joint report pursuant to Local Civil Rule 16.3(d) and the General Order and Guidelines for Civil Cases (ECF) (Walton, J.).

**I.   STATEMENT OF THE FACTS OF THE CASE**

*Plaintiff's Statement*

Defendants Veolia Transportation Services, Inc. and Veolia Transportation, Inc. (collectively "Veolia") induced three National Railroad Passenger Corporation ("Amtrak") employees to help Veolia beat out Amtrak—their own employer—for a lucrative railroad operating contract. At the same time, Veolia secured promises from the three Amtrak employees that they would refuse to assist Amtrak in its competing bid for the business. In exchange for the commitments they made to Veolia while still employed by Amtrak, Veolia promised to hire each of them on favorable terms if their efforts to help Veolia win the contract were successful. As

alleged in the Complaint, Veolia's conduct amounts to aiding and abetting the Amtrak employees' breach of their fiduciary duties to Amtrak (Count I), and tortious interference with Amtrak's economic advantage (Count II), which caused Amtrak millions of dollars in damages.

*Defendants' Statement*

Veolia and Amtrak competed for a new contract to operate a commuter railroad for the South Florida Regional Transportation Authority ("SFRTA").  Veolia won the bid, beating Amtrak by 22.7 points on a scale of 100.  Veolia outscored Amtrak in price, technical approach and operation plans by 22 points, and in qualifications and experience by 0.7 points.

In its bid, Veolia identified a number of people as part of its Key Management Team. Veolia recruited three of these people -- Gary Mauck, Victor Salemme and Douglas Stencil -- from Amtrak to work on this new employment opportunity.  None of these men had employment contracts with Amtrak or any responsibilities or duties at Amtrak relating to SFRTA.  Indeed, neither Veolia nor Amtrak had previously provided any services to SFRTA.  Veolia did not ask for, and these men did not provide, any of Amtrak's confidential information, customer lists or trade secrets.  Amtrak has failed to state any cause of action, and the conduct of which it complains was, in fact, perfectly legal and in keeping with accepted industry practices.

II.     **STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

*Plaintiff's Statement*

Amtrak's causes of action are common law torts; they do not arise from any statute.

*Defendants' Statement*

Veolia has moved to dismiss both of Amtrak's common law causes of action because Amtrak has failed to state any claim upon which relief may be granted.

### III.   MATTERS DISCUSSED PURSUANT TO LOCAL CIVIL RULE 16.3(c)

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

*Plaintiff's Statement*

Defendants have filed a motion to dismiss, which Plaintiff believes should be denied. The pending motion is an insufficient basis for delaying the commencement of discovery authorized by the Federal Rules of Civil Procedure. See *Chavous* v. *D.C. Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 n.4 (D.D.C. 2001) ("[A] 'bald assertion' by a defendant that [his] motion to dismiss will be granted, or that discovery would be burdensome, is generally insufficient to justify the entry of an order staying discovery."). Nevertheless, Plaintiff has compromised with Defendants and will recommend to the Court that fact discovery begin on November 2, 2007.

*Defendants' Statement*

Defendants believe that this case should be resolved by the pending motion to dismiss. If the Court identifies allegations in the Complaint that cannot be resolved through the motion to dismiss, Defendants believe that any such dispute can be resolved through a motion for summary judgment. While Defendants would prefer for discovery to await the Court's decision on their motion to dismiss -- particularly to avoid the expense and distraction of conducting unnecessary discovery on any issues or causes of action that may be narrowed or dismissed by the Court -- they have compromised with Plaintiff and will recommend to the Court that fact discovery begin on November 2, 2007.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

3

*Plaintiff's and Defendants' Statement*

The parties believe that any motion for joinder of parties should be brought, and any amendments to the pleadings should be made, within sixty (60) days after the Defendants' file their answer.

**(3)  Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

*Plaintiff's and Defendants' Statement*

The parties do not believe that it is appropriate to assign any aspect of this case to a magistrate at this time.

**(4)  Whether there is a realistic possibility of settling the case.**

*Plaintiff's and Defendants' Statement*

The parties are open to settlement discussions, but do not believe that settlement is a realistic possibility before the Court's decision on Defendants' motion to dismiss.

**(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

*Plaintiff's and Defendants' Statement*

The parties do not believe that any aspect of this case would benefit from invoking procedures for alternative dispute resolution ("ADR") at this time, but would be willing, after completion of discovery, to review this issue again.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

*Plaintiff's Statement*

Plaintiff believes that Defendants' pending motion to dismiss should be denied in its entirety because both of Plaintiff's causes of action state claims upon which relief may be granted. Depending on the evidence produced in discovery, Plaintiff may move for summary judgment on its claims.

*Defendants' Statement*

Defendants believe that this case should be resolved by the pending motion to dismiss. If the Court identifies allegations in the Complaint that cannot be resolved through the motion to dismiss, Defendants believe that any such dispute can be resolved through a motion for summary judgment.

*Plaintiff's and Defendants' Statement*

The parties propose that summary judgment motions should be filed by November 17, 2008; oppositions should be filed by December 17, 2008, and replies should be filed by January 16, 2009. The Court should decide all motions at its discretion, but the parties propose that the Court not issue a schedule for the Pretrial Conference and Trial until after deciding the summary judgment motion(s).

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

*Plaintiff's and Defendants' Statement*

The parties do not believe that the initial disclosures requirement should be waived, or that any changes should be made in the scope, form or timing of those disclosures. The parties will exchange initial disclosures on October 19, 2007.

**(8)  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

*Plaintiff's and Defendants' Statement*

The parties believe that, subject to their Statements in § III(1) above, fact discovery should commence on November 2, 2007 and take approximately 5 1/2 months. The parties propose that the deadline for production of documents is February 1, 2008, and that all fact discovery conclude on April 21, 2008. The parties believe that a protective order regarding non-disclosure of confidential or proprietary information will be necessary, and will negotiate and enter into one before discovery commences. The parties will agree to a "claw-back" provision concerning the return of inadvertently-produced privileged materials, and will include this provision in the protective order.

**(9)  Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

*Plaintiff's and Defendants' Statement*

The requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should not be modified. If the parties use experts, such experts should be subject to deposition. The parties' experts should be made available for deposition from September 3 to October 3, 2008.

**(10)  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

> *Plaintiff's and Defendants' Statement*
>
> Not applicable.

**(11)  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

> *Plaintiff's and Defendants' Statement*
>
> The parties do not believe that the trial or discovery should be bifurcated or managed in phases.

**(12)  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

> *Plaintiff's and Defendants' Statement*
>
> The parties believe that the Court should schedule the pretrial conference at its discretion following a decision on any motion(s) for summary judgment.  As noted above, and in the Parties' Jointly Proposed Discovery Plan below, summary judgment reply briefs are due on January 16, 2009.

**(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

> *Plaintiff's and Defendants' Statement*
>
> The parties believe that the Court should set a trial date at the pretrial conference for 30 to 60 days after that conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

*Plaintiff's and Defendants' Statement*

The parties have no additional matters to bring before the Court at this time.

\*    \*    \*

**Parties' Jointly Proposed Discovery Plan**

| | |
|---|---|
| Initial Disclosures exchanged: | October 19, 2007 |
| Fact discovery begins: | November 2, 2007 |
| Motion for joinder of parties to be brought by, and any amendments to the pleadings to be made by: | 60 days after Defendants' answer is filed |
| Deadline for production of documents: | February 1, 2008 |
| Conclusion of fact discovery: | April 21, 2008 |
| Identification of Plaintiff's expert(s) and service of Plaintiff's expert report(s): | May 21, 2008 |
| Identification of Defendants' expert(s) and service of Defendants' expert report(s): | July 7, 2008 |
| Identification of Plaintiff's rebuttal expert(s) and service of Plaintiff's rebuttal expert report(s): | August 19, 2008 |
| Defendants' and Plaintiff's expert(s) available for deposition | September 3 - October 3, 2008 |
| Close of expert discovery | October 20, 2008 |
| Summary judgment motions filed by: | November 17, 2008 |
| Oppositions to summary judgment motions filed by: | December 17, 2008 |
| Replies to summary judgment motions filed by: | January 16, 2009 |
| Pretrial Conference | To be scheduled at the Court's discretion |
| Trial | To be scheduled at the Court's discretion |

Respectfully submitted this 3rd day of October, 2007.

| | |
|---|---|
| /s/ Gary A. Orseck | /s/ Thomas M. Henry |
| Gary A. Orseck (D.C. Bar No. 433788) | Thomas F. Cullen, Jr. (D.C. Bar No. 224733) |
| Matthew R. Segal (D.C. Bar No. 483486) | Thomas M. Henry (D.C. Bar No. 479001) |
| ROBBINS, RUSSELL, ENGLERT, | John M. Bradley |
| ORSECK, UNTEREINER & SAUBER LLP | JONES DAY |
| 1801 K Street, N.W., Suite 411-L | 51 Louisiana Avenue, N.W. |
| Washington, D.C. 20006 | Washington, DC 20001-2113 |
| Telephone: (202) 775-4500 | Telephone: (202) 879-3939 |
| Facsimile: (202) 775-4510 | Facsimile: (202) 626-1700 |
| | |
| *Attorneys for Plaintiff National Railroad Passenger Corporation* | *Attorneys for Defendants Veolia Transportation, Inc. and Veolia Transportation Services, Inc.* |