IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **National Railroad Passenger Corporation,**<br>          Plaintiff,<br>     v.<br>**Veolia Transportation Services, Inc., and**<br>**Veolia Transportation, Inc.,**<br>          Defendants. | **Civil Action No. 1:07-cv-01263-RBW** |

**PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSE TO DEFENDANTS' MARCH 12, 2008 NOTICE OF INTERVENING AUTHORITY**

Plaintiff National Railroad Passenger Corporation ("Amtrak") submits this response to the March 12, 2008 Notice of Intervening Authority filed by Defendants Veolia Transportation Services, Inc. and Veolia Transportation, Inc. (collectively "Veolia").  Veolia attaches to its submission Judge Lamberth's recent decision in *Elemary* v. *Holzmann*, C.A. No. 07-654, 2008 U.S. Dist. LEXIS 8265 (D.D.C. Feb. 6, 2008), and argues that the decision supports Veolia's motion to dismiss Count II of the Complaint (Tortious Interference with Economic Advantage).  In particular, Veolia notes (Br. 2) that in *Elemary*, the Court held that a tortious interference claim must include facts "from which the Court can reasonably infer [defendant] knew of the prospective economic advantage of which he allegedly deprived" the plaintiff.  According to Veolia, "Amtrak does not plead *any* facts supporting the notion that Veolia knew of a business expectancy between Amtrak and SFRTA."  *Id*. (Veolia's emphasis).  See also *id*. ("Amtrak pleads no *facts* in support of its claim that Veolia knew about its alleged business expectancy.").

Veolia can say that, but it is false.  The Complaint alleges in the clearest terms the basis for Amtrak's allegation that Veolia knew of Amtrak's expectancy in the SFRTA Operations

–2–

Contract. In support of its tortious interference claim, Amtrak alleges that (i) Veolia induced three of Amtrak's own employees to support Veolia's competing bid for the SFRTA Operations Contract (Cplt. ¶ 21); and (ii) Veolia extracted promises from those Amtrak employees "that they would not permit Amtrak to include them as proposed members of Amtrak's" competing bid (Cplt. ¶ 38). The reason Veolia did not want the three Amtrak employees to support Amtrak's competing bid is "because Veolia knew that it would be competing against Amtrak for the SFRTA Operations Contract." Cplt. ¶ 40. In other words, Veolia was well aware of the Amtrak business expectancy – the SFRTA Operations Contract – with which Veolia was tortiously interfering.

While ignoring the paragraphs in the Complaint (quoted above) that lay out the basis of Amtrak's tort claim, Veolia quotes only the language in the charging paragraphs at the end of the document, and derides it as "wholly conclusory" (Br. 3) and a "formulaic recitation" (Br. 2). In fact, Amtrak's allegations are quite specific; certainly they are sufficient under Fed. R. Civ. P. 8 to give Veolia "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson* v. *Pardus*, 127 S Ct. 2197, 2200 (2007). Veolia's motion to dismiss should be denied.

Dated: March 17, 2008                                   Respectfully submitted,

                                                        */s/ Gary A. Orseck*
                                                        Gary A. Orseck (D.C. Bar No. 433788)
                                                        ROBBINS, RUSSELL, ENGLERT,
                                                          ORSECK, UNTEREINER & SAUBER LLP
                                                        1801 K Street, NW, Suite 411-L
                                                        Washington, D.C. 20006
                                                        (202) 775-4500

                                                        Attorneys for National Railroad Passenger
                                                        Corporation

–2–