IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| National Railroad Passenger Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Veolia Transportation Services, Inc. )<br>and )<br>Veolia Transportation, Inc., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 1:07-cv-01263 |

## STIPULATION AND ORDER OF CONFIDENTIALITY

It is hereby stipulated and agreed by and between the parties to this action, through their respective counsel and subject to the approval of this Court, that this Stipulation and Order of Confidentiality ("Protective Order") be entered in this action for good cause shown pursuant to Federal Rule of Civil Procedure 26(c). This Protective Order shall govern the disclosure, use, and exchange of confidential information, including documents, electronically stored information, testimony, answers to interrogatories, admissions, data, and other materials and their contents.

1.  Subject to the protections provided in Federal Rule of Civil Procedure 26, this Protective Order covers information that the disclosing party or non-party (hereafter "source") designates "Confidential" (referred to as "Confidential Information"). The designation "Confidential" shall be limited to information that the source reasonably believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment. A copy of this Protective Order (including Attachment A) shall be included with each

subpoena served on non-parties, and the subpoena shall state that this Protective Order shall apply to all documents or other information produced in response to the subpoena.

The parties specifically acknowledge that the subpoenas served on the South Florida Regional Transportation Authority ("SFRTA") that were issued on or about December 21, 2007, were served prior to agreement on the terms of this Protective Order, and the requirement that copies of this Protective Order be served along with such subpoenas does not apply to the SFRTA December 21, 2007 subpoenas.

2.     This Protective Order applies only to information that is not otherwise publicly available.

3.     Except as otherwise stipulated by the parties or ordered by the Court, all Confidential Information produced or discovered in this litigation, shall be used solely for the prosecution or defense of this litigation, and not for any commercial, business, competitive, or other purpose, or in or for any other judicial or administrative proceedings, disputes, or cases, unless that information has become publicly available without a breach of the terms of this Protective Order.

4.     Information marked as Confidential shall be disclosed to the parties in this litigation only according to the procedures established herein. Persons receiving Confidential Information are obligated to protect it from unauthorized use or disclosure.

5.     To designate information as "Confidential," a source must so mark it or, in the case of a deposition or hearing transcript, designate it as provided in paragraphs 14 or 16 herein, respectively. Such designation may be withdrawn by the source by providing notice to the parties. The source must mark each page of each document and/or each significant component of any other objects containing Confidential Information with such designation. Computerized

data not produced in paper form may be designated as "Confidential" via a label affixed to the media containing such data. Parties receiving such data must take appropriate measures to protect the confidentiality of such data and information against unauthorized copying or use.

6. Any party wishing to challenge a confidentiality designation may do so using the procedures set forth in paragraph 7. Until such challenge is decided, the receiving party or parties shall treat the information as Confidential Information .

7. The following procedures shall govern any challenges to confidentiality designations.

> A. If a party reasonably believes that information designated as "Confidential" should not be so designated, it must specify to the source or designating party in writing (a) the information in issue, and (b) its grounds for questioning the confidentiality designation. The source must respond in writing within ten business days, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) or as is agreed to by counsel or ordered by the Court.
>
> B. If after meeting and conferring the party challenging the confidentiality designation is still not satisfied, the party challenging the designation may request that the Court lift the confidentiality designation by filing a notice of objection to the designation that specifically identifies the documents or part of the document at issue. Within ten business days, the party challenging the confidentiality designation must file a motion to abrogate the confidentiality designation and shall bear the burden of demonstrating that the information at issue is not confidential. The party asserting the confidentiality designation may

file a response contending that the document or information is confidential. Until the Court rules, the confidentiality designation shall remain in effect.

8. Accidental disclosure of Confidential Information does not waive the confidential status otherwise attaching to the Confidential Information. Upon a party's or a non-party's discovery that information was unintentionally disclosed without a confidential designation, that party or non-party shall provide notice to the other litigants that the information was inappropriately disclosed. The source shall then have seven business days in which to redesignate the information in accordance with paragraph 5. In the interim, the information may not be used in a manner inconsistent with the notice. If the material subsequently is designated as confidential, the receiving party shall promptly return or destroy all copies of the materials inadvertently produced without a "Confidential" designation.

9. Inadvertent production of information that a party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not be deemed to waive any privilege. Upon discovery by a party or non-party (or upon receipt of notice from a receiving party) that it has produced Inadvertently Produced Privileged Information, the producing party or non-party shall within three business days request the return of such Inadvertently Produced Privileged Information by identifying the information inadvertently produced and stating the basis for withholding such information from production. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Information then in the custody of another party or non-party, the receiving party shall within five business days return to the requesting party or non-party the Inadvertently Produced Privileged Information (and all copies thereof). If the receiving party disputes the

inadvertent production and/or privilege claim, the receiving party must notify the producing party or non-party of the dispute and the basis therefor in writing within five business days of receipt of the request for return, and may retain one copy of the purportedly Inadvertently Produced Privileged Information. The parties shall meet and confer regarding the disputed claim within 10 days. In the event the parties do not resolve their dispute, the producing party or non-party may bring a motion within 10 days of the parties' meet and confer to establish that the information is Inadvertently Produced Privileged Information. The burden is on the producing party or non-party to establish that the information is privileged, and the burden is on the receiving party to establish any claim that the production of such information was other than inadvertent. Until such motion is decided, the receiving party or parties will not use the information for any purpose other than in connection with the meet and confer and motion practice described above.

10. Subject to the provisions of paragraphs 11, 12, and 13, Confidential Information may be disclosed to and used only by a "Qualified Person," defined as:

A. The Court, including the Judge, law clerk, and other court personnel,

B. Court reporters (including audio and video),

C. Mediators,

D. Parties' counsel,

E. Independent, outside consulting or testifying experts,

F. Deponents noticed by either party,

G. Others specifically identified and authorized in writing by the producing party,

  H. Persons (including independent contractors) working under the supervision and control or direction of the persons identified in paragraphs 10(A)-(G).

Qualified Persons explicitly do not include the parties' counsel in other matters, expert witnesses in other matters, or consultants in other matters.

  11. A document designated as Confidential Information may be shown to a person who is listed on the face of the document as an author or recipient of the document, even if that person is not a Qualified Person. A document designated as Confidential Information that refers to a communication with a person may be shown to that person, even if that person is not a Qualified Person, provided that all portions of the document other than those recording the fact and substance of the communication must be redacted. A written agreement to be bound by this Protective Order shall not be required for the limited disclosures made under the provisions of this paragraph.

  12. Prior to showing Confidential Information to someone who (1) is not a Qualified Person and (2) to whom Confidential Information may not be disclosed pursuant to Paragraph 10, the receiving party will provide notice to the producing party of its intent to disclose Confidential Information. Such notice will identify the document(s) the receiving party intends to disclose, and the person or persons to whom the receiving party intends to disclose the document(s). The parties agree to meet and confer in good faith regarding the receiving party's intent to disclose Confidential Information.

If after good faith negotiation the parties are unable to agree that the disclosure should be permitted, and if the receiving party still feels the disclosure is necessary, the receiving party

may present a motion to the Court seeking to compel the disclosure. For the pendency of such a motion, the disclosure of Confidential Information shall not be made.

13.     Except as otherwise provided in paragraph 11, counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Confidential Information is disclosed (other than Qualified Persons A, B, C, D, and F) to be bound by the terms of this Protective Order. The preceding sentence shall not be interpreted to expand the class of persons to whom disclosure is permitted beyond that otherwise established by paragraphs 10,, 11, and 12 of this Protective Order. Such written agreement shall be in the form annexed hereto as Attachment A. The original executed copy of each such non-disclosure certificate shall be maintained by the party who provides the Confidential Information to each Qualified Person. Subject to the terms of this Protective Order and to the Federal Rules of Civil Procedure, any party may utilize Confidential Information in the course of a hearing provided that, prior to his or her examination with respect to such Confidential Information, the witness is furnished with a copy of this Protective Order and are requested to execute Attachment A to this Protective Order.

14.     Deposition transcripts shall presumptively be considered to have been designated "Confidential" for a period of thirty days following receipt of the transcript. During such period, the deponent, his counsel, or any other party may redesignate all or portions of the transcript as "Confidential – Subject to Protective Order," which designation shall remain in effect for the duration of this Protective Order. The deponent, his counsel, or another party making such a designation must advise counsel of record and the court reporter in writing of any changes to the original designation. The court reporter shall mark the face of the original of the transcript appropriately. If any portion of a videotaped deposition is designated "Confidential " pursuant to

this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

15. If, prior to trial, counsel for a party desires to file any Confidential Information with the Court, that counsel shall do so in accordance with the local rules.

16. A party may refer to Confidential Information in pretrial conferences before the Court and at evidentiary hearings so long as the party informs the source, the other parties, and the Court that Confidential Information may be referred to in order to give the parties an opportunity to move the court to close the proceedings. The source must designate the transcripts of such proceedings as confidential within thirty days of receipt.

17. This Protective Order applies equally to information obtained by or produced in response to any subpoena.

18. Nothing in this Protective Order shall prevent a party from using or disclosing its own information, for business purposes or litigation preparation purposes, without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Protective Order.

19. This Protective Order shall survive the termination of this litigation. Within ninety days of final termination of this litigation, the parties must return to the source or destroy all documents or other materials containing Confidential Information, except that each law firm representing a party may retain one copy of pleadings and exhibits thereto, deposition transcripts and exhibits, trial transcripts and exhibits, and correspondence between and among counsel. The

parties shall so certify to the source within ninety days of termination of this litigation. All materials so retained continue to be subject to this Protective Order.

20. Any party or person receiving Confidential Information covered by this Protective Order that receives a request or subpoena for production or disclosure of Confidential Information shall promptly give written or facsimile notice to the source or designating party identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested information without consent of the source or designating party or until ordered to do so by a court of competent jurisdiction, provided that the source or designating party makes a timely motion or other application for relief from the subpoena or other request in the appropriate form.

21. Nothing in this document shall be construed as a determination by the Court, or as a consent or waiver by any foreign defendant, that such foreign defendant is subject to personal jurisdiction in this Court or that discovery as to such defendant shall proceed pursuant to the Federal Rules of Civil Procedure.

Dated: July 22, 2008

/s/ Gary A. Oeseck
Gary A. Orseck (D.C. Bar No. 433788)
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W. Suite 411-L
Washington, D.C. 20006
(202) 775-4500
*Attorneys for Plaintiff National Railroad Passenger Corporation*

/s/ Kim Sperduto
Kim Sperduto (D.C. Bar No. 416127)
T. Stewart Rauch (D.C. Bar No. 494987)
THE SPERDUTO LAW FIRM, PLC
1133 Twentieth Street, N.W.
Second Floor
Washington, D.C. 20036
(202) 408-8900
*Attorneys for Defendants Veolia Transportation, Inc. and Veolia Transportations Services, Inc.*

IT IS SO ORDERED:

Dated: July 24, 2008

The Hon. Reggie B. Walton
United States District Judge